18217—Lawrence Conrad v. Seramus A. Lengel. Motion for an order directing the Court of Appeals of Stark county to certify its record. Sustained.
Filed Dec. 5, 1923. 1 Abs. 843.

18218—John W. Romine v. Lina Rector. Motion for an order directing the Court of Appeals of Licking county to certify its record. Overruled.
Filed Dec. 5, 1923. 1 Abs. 843.

18222—Albert C. Clark et al v. Euretta Clark. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.
Filed Dec. 5, 1923. 1 Abs. 843.

18222—Albert C. Clark et al v. Euretta Clark. Motion by defendant to dismiss petition in error or to advance the cause. Overruled.

18238—The Ohio Consolidated Coal Co. v. The Lexi Coal Co. et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled.
Filed Dec. 19 ,1923. 1 Abs. 875.

18246—Lillian Manderbaugh v. The State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Stark county. Overruled.

18304—Earl Crawford, County Auditor of Henry County, v. George Brudaker et al. Motion for an order directing the Court of Appeals of Henry county to certify its record. Withdrawn by plaintiff in error.
Filed Jan. 7, 1923. 2 Abs. 52.

# Weekly Abstract
# Of Pending Cases

### On Motion for Order to Certify Record

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 65
### No. 18291. LONSDALE MFG. CO. v. ASCHERENKA

Motion for Order to Certify Record, filed in Supreme Court, January 2, 1924; 2 Abs. 46.

### 112. ATTACHMENT.

Ascherenka, a traveling salesman, presented his claim for commissions through an intervening petition in a receivership growing out of a general creditors' bill against the Lonsdale Mfg. Company, of Knoxville, Tenn. The Tennessee court had issued the usual injunction against proceedings by claimants in other courts and this fact was recognized in the intervening petition.

Without having a final order thereon Ascherenka brought an attachment suit in Ohio against a debtor of the receiver. The Common Pleas sustained the motion to discharge the attachment. The Court of Appeals reversed this on the ground that a motion to discharge can only raise an issue of the ground of attachment, which in this case

was admittedly non-residence. The purpose of the present proceeding is to establish that no jurisdiction existed in the Ohio courts to entertain a claim against this non-resident corporation whose property was first seized by a competent court at its domicile.

Attorneys—W. B. Mente, Cincinnati, for plaintiff; Leonard H. Freiberg, Cincinnati, for defendant.

Statement furnished by W. B. Mente.

---

### No. 66
### No. 18299. JAMES L. RICKETTS v. CINC., MILFORD & LOVELAND TRAC. CO.

Error to the Court of Appeals, Hamilton County. Motion for order to Certify Record filed in Supreme Court January 5, 1924. A Abs. 52.

### 829. NEGLIGENCE—225. CHARGE TO JURY.

Action for damages, commenced in the Superior Court of Cincinnati, in which Ricketts was plaintiff and the Traction Co. was defendant. The parties are herein referred to as plaintiff and defendant as they appeared in the trial court.

Plaintiff mistook the road and ran his automobile upon the track of the defendant. The automobile became caught between the ties. Plaintiff's companion proceeded up the track a distance of from 100 to 300 feet and signaled the motorman of an approaching car. There was a red light showing on the automobile, on the end nearest to the approaching car. The car hit the automobile and damaged it.

The jury in the trial court rendered a verdict for the plaintiff, awarding him damages.

The trial judge, in overruling the motion of defendant to set aside the verdict of the jury, applied the doctrine of last clear chance.

The Court of Appeals reversed the judgment of the trial court, finding error in the charge of the court, as follows:

"The law, however applicable to such fact, is that if the warning was given and such warning was observed, OR WOULD HAVE BEEN OBSERVED BY AN ORDINARILY PRUDENT MOTORMAN. then it became the duty of such motorman to exercise ordinary care and prudence."

The plaintiff has filed his motion asking the Supreme Court to direct the Court of Appeals to certify its record, claiming error to the Court of Appeals, as follows:

"First: The only error found in either the trial or charge is found in the following single phrase of ten words "OR WOULD HAVE BEEN OBSERVED BY AN ORDINARILY PRUDENT MOTORMAN."

"Second: Admitting that the statement contained in this phrase was wrong, the court emphatically corrected this error no less than six times."

Attorneys—Buchwalter, Headley & Smith, Cincinnati, for plaintiff; Alvin H. Hodges, Cincinnati, for defendant.